UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD FULLER,**

    **Plaintiffs,**

                      Civil Action 2:18-cv-1722
                      Chief Judge Edmund A. Sargus, Jr.
    v.                      Magistrate Judge Chelsey M. Vascura

**JOHN DOE CORPORATION,** *et al.*,

    **Defendants.**

## **ORDER**

Plaintiff brings this action against John Doe and John Doe Corporation, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Ohio Consumer Sales Practices Act ("CSPA"), Ohio Revised Code §1345.02 *et seq*. This matter is before the Court for consideration of Plaintiff's Motion for Expedited Discovery to Ascertain the Identities of "John Doe" Defendants (ECF No. 2.) Through this Motion, Plaintiff seeks to conduct limited discovery from a non-party Revenue Management Group, LLC, Comerica, Inc. ("RMG") and/or telephone services providers in order to determine Defendants' identities and contact information. For the reasons that follow, Plaintiff's Motion is **GRANTED**.

Federal Rule of Civil Procedure 26 governs the timing and sequence of discovery. Rule 26(d) provides as follows:

> (1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.
>
> (2) Sequence. Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
>
>     (A) methods of discovery may be used in any sequence; and

> (B) discovery by one party does not require any other party to delay its discovery.

Fed. R. Civ. P. 26(d). Thus, Rule 26(d) vests the district court with discretion to order expedited discovery. *Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009 WL 1542731, at *1 (S.D. Ohio June 2, 2009) (citing *Qwest Communs. Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)). Courts considering motions for expedited discovery typically apply a good cause standard. *Lemkin*, 2009 WL 1542731, at *2 (citations omitted). The burden of demonstrating good cause rests with the party seeking the expedited discovery. *Id.* (citation omitted). The moving party may establish good cause by demonstrating that "'the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Id.* (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). In addition, the scope of the requested discovery is also relevant to a good cause determination. *Lemkin*, 2009 WL 1542731, at *2 (citation omitted).

In the instant case, the Court concludes that good cause exists to permit the limited expedited discovery Plaintiff seeks. Plaintiff has established that he needs to conduct the requested discovery in order to learn Defendants' identities so that he may timely effect service under Federal Rule of Civil Procedure 4(m). *Cf. Yates v. Young*, Nos. 84-5586, 85-5701, 1985 WL 13614, at *2, 772 F.3d 909 (Table) (6th Cir. Aug. 28, 1985) ("Although designation of a 'John Doe' defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery" (citations omitted)); *Petty v. Cty. of Franklin*, 478 F.3d 341, 345–46 (6th Cir. 2007) (affirming district court's dismissal of unnamed John Doe defendants pursuant to Rule 4(m) where the plaintiff failed to substitute the real names for his John Does and had failed to

serve them within Rule 4(m) timeframe). In addition, without the discovery, there is a significant risk that RMG and/or the telephone service providers could delete or destroy the information Plaintiff needs to identify Defendants.

Accordingly, Plaintiff's Motion is **GRANTED**. Plaintiff may serve narrowly-tailored subpoenas upon RMG and/or telephone service providers commanding disclosure of Defendants' identifying information, including names, addresses, e-mail addresses, and telephone numbers. Plaintiff may utilize the information obtained through these subpoena[s] solely for the purpose of prosecuting this action.

    **IT IS SO ORDERED**.

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE