UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RONALD FULLER,**

    **Plaintiff,**

v.

**LAKESHORE FINANCIAL, LLC,**
**d/b/a "IN-HOUSE PROCESSING,"** *et al.*,

    **Defendants.**

Case No. 2:18-cv-01722
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Ronald Fuller's ("Fuller") *Motion for Default Judgment Against Defendants Lakeshore Financial, LLC and Joel Williams*. (ECF No. 12.) Defendants Lakeshore Financial, LLC ("Lakeshore Financial") and Joel Williams ("Williams") (collectively "Defendants") have not opposed Fuller's motion. For the reasons set forth below, the Court **GRANTS in PART** and **DENIES in PART** Fuller's *Motion for Default Judgment*. (ECF No. 12.)

### I.

On December 18, 2018, Fuller filed this case against Defendants, as well as Anthony Allen, Eric Williams, and John Doe.[1] (*See* Am. Compl. at 1 [ECF No. 5].) Fuller asserts four claims against Defendants, including: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"); (2) violations of the Ohio Consumer Sales Practices Act ("OCSPA"); (3) violations of the Ohio Corrupt Practices Act ("OCPA"); and (4) invasion of privacy. (*See id.* at 6–19.) Fuller has moved for, and obtained, entries of default against Defendants after they failed to respond to or otherwise

---

[1] Fuller moves the Court to dismiss Defendants Anthony Allen, Eric Williams, and John Doe. (*See* Mot. For Default J. at 1.) Accordingly, the Court **DISMISSES** Defendants Anthony Allen, Eric Williams, and John Doe.

defend against this suit. (*See* ECF No. 10.) Since the entries of default, Defendants have still not responded.

Accordingly, Fuller requests the Court to grant default judgment against Defendants on all four claims. (*See* Mot. For Default J.) Further, Fuller seeks $19,800 in compensatory damages and $10,000 in punitive damages from both Lakeshore Financial and Williams, plus fee-shifting recovery of attorneys' fees, with an added multiplier of 10% under OCSPA and court costs. *Id.* In sum, Fuller seeks a total recovery of $29,800, plus attorneys' fees and costs, for all four claims against Defendants. (*Id.*)

Because of the default entries, the Court takes Fuller's allegations regarding Defendants' liability as true. *See DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *1 (S.D. Ohio Jan. 24, 2018). The Court relates those allegations, along with statements from Fuller's unrebutted supporting exhibits and motions, below.

Fuller is a private citizen residing in the Southern District of Ohio. (Pl.'s Am. Compl. at ¶ 4.) Williams lives in Charlotte, North Carolina, and "is a member of [Lakeshore Financial] and directs its day-to-day operations." (*Id.* at ¶¶ 6–7.) Lakeshore Financial is a limited-liability corporation headquartered in South Carolina that conducts itself as "a fly-by-night debt collection agency." (*Id.* at ¶ 5.)

Shortly before September 18, 2018, an individual working for Lakeshore Financial began calling Fuller, purporting to be a "process server with the State of Ohio." (Pl.'s Am. Compl. at ¶ 14.) The Lakeshore Financial representative called Fuller and left a voicemail, threatening to litigate an alleged debt owed on a payday loan. (*Id.* at ¶¶ 16–17.) In response, Fuller provide his debit card information to the Lakeshore Financial representative and agreed to pay $500 over a two-month period. (Pl.'s Mot. for Expedited Disc. at 2 [ECF No. 2].)

Fuller then grew suspicious and contacted his debit card company to cancel his card, which prevented Lakeshore Financial from collecting the alleged $500 debt. (*Id.* at 2–3.) Upon the realizing that Fuller had cancelled his debit card, a Lakeshore Financial representative called Fuller again and repeated threats of litigation. This time, the representative threatened garnishing Fuller's wages, placing liens on his bank account, and running his social security number through a federal database to obtain his home and work addresses. (Pl.'s Am. Compl. at ¶ 17.) Lakeshore Financial also contacted Fuller's brother to inquire about this contested debt. (Pl.'s Mot. For Default J. at 3.) Fuller then reached out to Hilton Parker LLC ("Plaintiff's Counsel") for representation. Nevertheless, Lakeshore Financial continued calling Fuller directly, even after learning that Fuller had retained counsel. (Pl.'s Am. Compl. at ¶¶ 18–19.)

The amount of money that Lakeshore Financial demanded from Fuller varied. At first, Fuller purportedly owed $500, but then Lakeshore Financial told Fuller that he owed as much as $2,870. (*Id.* at ¶ 28.) Despite these claims, Lakeshore Financial "repeatedly refused to provide verification of the purported debt" to either Fuller or Plaintiff's Counsel. (*Id.* at ¶ 29.) In all, Lakeshore Financial called Fuller six times and always left a voicemail. (*Id.* at ¶¶ 15–16.)

The "natural consequence" of the recurring phone calls was to cause Fuller to feel "confusion, worry, stress, and aggravation." (*Id.* at ¶ 43.) The cumulative effect of this process left him in a state of "distress and emotional hardship," causing "loss of sleep, heightened depression, and increased heart palpitations." (Pl.'s Mot. For Default J. at 3.) Considering his "limited income" and recently decreased Social Security payments, the inexplicable demands for money especially impacted Fuller. (*Id.*)

3

## II.

Federal Rule of Civil Procedure 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-cv-535, 2016 WL 4007092, at *2 (S.D. Ohio July 26, 2016). First, a plaintiff must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Upon the Clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015) (quoting *Broadcast Music Inc. v. Pub Dayton, LLC*, No. 3:11-cv-58, 2011 WL 2118228, at *2 (S.D. Ohio May 27, 2011)).

Although liability can be facially accepted in a default judgment case, "the district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (quoting *Broadcast Music Inc.*, 2011 WL 2118228, at *2). If the damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits," however, a court may determine damages even absent an evidentiary hearing. *Wilson v. D & N Masonry, Inc.*, No. 1:12-CV-922, 2014 WL 30016, at *1 (S.D. Ohio Jan. 3, 2014).

Taking Fuller's allegations as true, and after considering his unrebutted supporting exhibits, the Court concludes that Fuller has adequately stated his claims and is entitled to monetary relief. Because Fuller's evidence and affidavits do not provide definite figures of his injuries, however, the Court will hold an evidentiary hearing to determine the proper amount of damages.

## III.

In conclusion, the Court **GRANTS in PART** and **DENIES in PART** Fuller's *Motion for Default Judgment*. (ECF No. 12.) The Court enters judgment in Fuller's favor against Defendants regarding liability. To determine the proper amount of damages and fees, the Court will hold an evidence hearing at a later date. The Court will notify counsel accordingly.

**IT IS SO ORDERED.**

7-15-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

5