# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**RONALD FULLER,**

      **Plaintiff,**

      **v.**

**LAKESHORE FINANCIAL LLC**
**d/b/a/ "IN-HOUSE PROCESSING,"**
*et al.,*
      **Defendants.**

**Case No. 2:18-cv-1722**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

## ORDER

This matter is before the Court on Plaintiff Ronald Fuller's Motion for Attorneys' Fees and Costs. (ECF Nos. 12, 27.) For the reasons that follow, Plaintiff's Motion is **GRANTED in part and DENIED in part.**

### I.

On July 15, 2019 the Court entered default judgment on liability against Defendants in favor of Plaintiff on his claims of (1) violations of the Fair Debt Collection Practices Act ("FDCPA"); (2) violations of the Ohio Consumer Sales Practices Act ("OCSPA"); (3) violations of the Ohio Corrupt Practices Act ("OCPA"); and (4) invasion of privacy. The Court held a hearing on September 25, 2019, and granted Plaintiff: (i) $1,000 in statutory damages under the FDCPA; (ii) $15,000 in emotional damages under the FDCPA; (iii) $10,000 in punitive damages; and (iv) $400 in court costs. (ECF No. 26.)

Plaintiff now moves the Court for an award of $18, 151.60 in attorneys' fees and $287.38 in expenses. (Pl.'s Notice of Suppl. Fee Req. at 1. [ECF No. 27].)

### II.

In a successful case against a debt collector under the FDCPA, the defendant's liability includes the costs of the action, together with a reasonable attorney's fee as determined by the court. 15 U.S.C. § 1692k(a)(3); *Lee v. Thomas & Thomas*, 109 F.3d 302, 307 (6th Cir. 1997). "[T]he award is intended to encourage consumers to act as 'private attorneys general' to enforce to FDCPA." *Mann v. Acclaim Fin. Servs.* 348 F. Supp. 2d 923, 927 (S.D. Ohio 2008) (citing *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996)). The Supreme Court has stated that courts are to use the lodestar amount, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983); *Imwalle v. Reliance Med. Prods.*, 515 F.3d 531, 552 (6th Cir. 2008). The party seeking fees bears the burden of proving that they are reasonable. *Reed v. Rhodes,* 179 F.3d 453, 472 (6th Cir. 1999).

## A. Hours Reasonably Expended

When assessing whether hours were reasonably expended, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Woolridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1989); *Libertarian Party of Ohio v. Husted*, No. 2:11-cv-722, 2013 WL 4833033, at *3 (S.D. Ohio Sept. 11, 2013).

In this case Plaintiff asserts his counsel spent 46.19 hours on this matter. Plaintiff submitted a timesheet of hours billed in this case in support of this contention. (Pl.'s Mot. for Default J. at Ex. 7, Pl.'s Notice of Suppl. Fee Req. at 2.) While the hours expended in this case are high, the Court finds the hours expended were reasonable, considering the time it took Plaintiff to research and identify Defendants. Plaintiff was required to file a "John Doe" lawsuit and engage in discovery to determine Defendants' identities. (Pl.'s Mot. for Default J. at. 16.) Further, due to Defendants' continued contact with Plaintiff, despite having knowledge of the lawsuit, Plaintiff's

attorneys spent a reasonable amount of time counseling Plaintiff as the lawsuit continued. (*Id.* at 5.) Plaintiff's counsel's hours spent on this case were reasonable under the circumstances.

## B. Reasonable Hourly Rate

"A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). In general, "[a] reasonable fee is one that is adequate to attract competent counsel, but which does not produce a windfall to the attorney." *Mann*, 348 F. Supp. 2d. at 927 (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). It is useful to consider that a reasonable rate is the "prevailing rate[] in the relevant community." *Dowling v. Litton Loan Servicing* LP, 320 F. App'x 442, 447 (6th Cir. 2009) (citing *Blum*, 465 U.S. at 895). The prevailing rate is "that rate which lawyers of comparable skill and experience can reasonably expect to command." *Id.* (citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)).

Plaintiff requests $275 per hour for his counsel's work on this case. (Pl.'s Mot. for Default J. at 13.) Plaintiff provides that in two previous similar cases, this Court has awarded his counsel $250 per hour. (*Id.*) (citing *Miller v. Ability Recovery Servs., LLC,* No. 1:18-cv-266, 2019 U.S. Dist. LEXIS 42179 (S.D. Ohio Mar. 15, 2019); *Gilden v. Platinum Holdings Grp., LLC,* No. 1:18-cv-343, 2019 U.S. Dist. LEXIS 23458 (S.D. Ohio Feb. 13, 2019)). Plaintiff argues, however, that his counsel has since gained an additional year of experience and has commanded a higher hourly rate. (Pl.'s Mot. for Default J. at 14.) In support of the fee petition, Plaintiff's counsel has submitted an affidavit to the billing attorneys' professional backgrounds, education, experience levels, billing rates, and involvement in this case. (*Id.* at Ex. 6.) The Court finds that $270 is a reasonable rate in this case.

In February of 2019, the Southern District of Ohio awarded Plaintiff's counsel attorney's fees at $250 per hour. *Gilden,* 2019 U.S. Dist. LEXIS 23458, at *9. That court reviewed precedent and found that the Sixth Circuit had determined $300 per hour was a reasonable rate in an FDCPA case when the attorney had 30 years of experience. *Id.* (citing *Dowling,* 320 F. App'x at 447). Similarly, the Southern District of Ohio had previously determined $275 per hour was reasonable in an FDCPA case where the attorney had over 40 years of experience. *Id.* (citing *Whaley v. Asset Management Servs. Grp., LLC,* 2016 U.S. Dist. LEXIS 146202, at *3 (S.D. Ohio Oct. 21, 2016)). In this case $270 per hour is a reasonable fee given the prevailing rates in the community and counsel's experience and expertise with debt collection cases.

Plaintiff also requests $130 per hour for the 20.34 hours of work by two summer associates and $100 per hour for the 2.2 hours of work by a paralegal. (*Id.* at 14.) Given the nature of the case and the prevailing rates in the market community the Court finds these rates are reasonable. *See e.g., Miller,* 2019 U.S. Dist. LEXIS 42179, at *13 (finding that given the prevailing rates in the community, the hourly rate of $100 per hour is reasonable for employees at a law firm).

Thus, to calculate the lodestar the Court multiplies $270 by the 46.19 hours worked on this case by Plaintiff's counsel, $130 by the 20.34 hours worked on this case by Plaintiff's counsel's summer associates and $100 by the 2.2 hours worked on this case by the Plaintiff's counsel's paralegal. The Court finds the lodestar to be $15,301.50.

## C. Enhancement Pursuant to the OCSPA

The OCSPA allows a court to award a prevailing party a reasonable attorney's fee limited to the work reasonable performed. O.R.C. § 1345.09(F). While federal case law no longer permits lodestar multipliers for claims under the FDCPA, lodestar multipliers may be awarded under the OCSPA. *Davis v. Mut. Life Ins. Co,* 6 F.3d 367, 383 (6th Cir. 1993). Further, "where claims

present[] a common core of facts and related legal theories, and where those different theories of

recovery are not severable," the trial court may permissibly treat the total number of time spent on

the matter as "reasonably expended hours" under the OCSPA. *Kinder v. Smith*, 2013-Ohio-2157,

¶ 19 (Ohio Ct. App. 2013). In deciding whether to award a multiplier the Ohio Supreme Court has

provided that the trial court should consider the application of the following ten factors:

> [T]he time and labor involved in maintaining the litigation; the novelty and difficulty of the questions involved; the professional skill required to perform the necessary legal services; the attorney's inability to accept other cases; the fee customarily charged; the amount involved and the results obtained; any necessary time limitations; the nature and length of the attorney/client relationship; the experience, reputation, and ability of the attorney; and whether the fee is fixed or contingent.

*Bittner v. Tri-County Toyota, Inc.*, 569 N.E.2d 464, 467 (Ohio 1991).

Plaintiff requests a 10% multiplier be applied to all the hours expended in this case.

(Pl.'s Mot. for Default J. at 15.) Plaintiff believes the multiplier should be added to all fees

because the OCSPA claims were predicated upon the FDCPA and OCPA violations, so all

hours were reasonably expended pursuant to the OCSPA. (*Id.* at 15.)

Plaintiff does not, however, point to any precedent where a multiplier was applied

in a similar case. Further, in *Gliden* the Southern District of Ohio declined to enhance

Plaintiff's counsel's fees in a case under similar circumstances. 2019 U.S. Dist. LEXIS

23458, at *12. The court in *Gliden* differentiated the case from another in the Southern

District of Ohio which had determined a fee enhancement was permissible under the

OCSPA "in large part due to the large amount of damages awarded." *Id.* (citing *Lee v.*

*Javithc, Block & Rathebone, LLP*, 568 F. Supp. 2d 870, 880–83 (S.D. Ohio 2008) (noting

the jury's award of $49,603 far exceeded reasonable expectations.) In this case the

damages awarded to Plaintiff were $26,400. While these damages were much higher than

the damages in *Gliden,* the were not exceptional like in *Lee.* Thus, this Court, like the court in *Gliden,* is unpersuaded that a multiplier is appropriate.

### D. Litigation Costs

Additionally, Plaintiff requests an award of $287.38 in claimed expenses. (Pl.'s Mot. for Default J. at 18.) Federal Rule of Civil Procedure 54(d)(1) provides that unless a federal statute, these rules, or a court order provides otherwise, costs other than attorneys' fees should be allowed to the prevailing party. Before the district court, it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732 (6th Cir. 1986) (quotation marks and citation omitted). Defendants have not appeared in the case and therefore have not challenged the reasonableness of the requested costs, which do not appear excessive. Therefore, the Court awards Plaintiff $287.38 in expenses.

### III.

In conclusion, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion for Attorneys' Fees and Costs. (ECF Nos. 12, 27.) Plaintiff's counsel reasonably expended 46.19 hours in this case that when multiplied by Plaintiff's counsel's reasonable fee of $270 per hour came to a total of $15,301.50. Plaintiff also incurred reasonable expenses of $287.38. Accordingly, the Court **ORDERS** Defendants to pay Plaintiff's attorneys' fees of $15,301.50 and Plaintiff's expenses of $287.38. The Clerk is **DIRECTED** to modify judgment adding $15,588.88 to the judgment of $26,400 for a total of $41,988.88 and close this case.

**IT IS SO ORDERED.**

11-8-2019
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**